**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SYCAMORE PETROLEUM-KC OIL, LLC, SYCAMORE ENERGY-KC OIL, LLC and STERLING FUELS & LOGISTICS, LLC, | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | NO. 15-CV-00396 |
| KC OIL, INC., GREENWOOD ENTERPRISES, INC., BUCKS COUNTY PETROLEUM, LLC, TRENTON PETROLEUM, INC., CREIGHTON FAMILY PROPERTIES, L.P., JAN CREIGHTON and KIMBERLY CREIGHTON, | : : : : : : : : | |
| Defendants. | : : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND COUNTERCLAIM

Defendants, by and through their attorneys, Weber Gallagher Simpson Stapleton Fires & Newby LLP, hereby answer Plaintiffs' Second Amended Complaint as follows:

## NATURE OF THE CASE

1.    Neither admitted nor denied as the documents speak for themselves.

2.    Denied. By way of further answer, Defendants are without knowledge or information sufficient to form a belief as to which components of the transaction, if any, Sycamore believed was "critical."

3.      Denied. By way of further answer, Defendants are without knowledge or information sufficient to form a belief as to which components of the transaction, if any, Sycamore believed was "critical."

4.      Neither admitted nor denied as the documents speak for themselves.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied

10.     Defendants admit that Sycamore has filed this action. The Complaint speaks for itself.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14.     Admitted, except as to principal place of business or "nerve center".

15.     Admitted, except as to principal place of business or "nerve center".

16.     Admitted, except as to principal place of business.

17.     Admitted, except as to principal place of business or "nerve center".

18.     Admitted, except as to principal place of business.

19.     Admitted, except as to domicile.

20.     Admitted, except as to domicile.

## JURISDICTION AND VENUE

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation. By way of further answer, paragraph 21 states a conclusion of law as to which no response is required.

22.     The first sentence is neither admitted nor denied as the documents speak for themselves. The second sentence is neither admitted nor denied as it calls for a legal conclusion

23.     Neither admitted nor denied as the documents speak for themselves and call for a legal conclusion.

## FACTUAL ALLEGATIONS

24.     Neither admitted nor denied as the documents speak for themselves. By way of further answer, Plaintiffs were not parties to the Petroleum Agreement. Sycamore Petroleum, LLC was a party to the Petroleum Agreement.

25.     It is admitted that copy of the Petroleum Agreement is attached to the Second Amended Complaint.

26.     Neither admitted nor denied as the documents speak for themselves.

27.     Admitted, except that the Note speaks for itself.

28.     Denied. By way of further answer, Defendants are without knowledge or information sufficient to form a belief as to what Sycamore Petroleum, LLC believed was the "key component" of the transaction and purchase price.

29.     Defendants admit only that this paragraph accurately quotes a select portion of Section 5.2(s) of the Agreement.

30.     Defendants admit that this paragraph accurately quotes a select portion of Section 7.2(a) of the Agreement.

3

31.     Denied.

32.     Denied. By way of further answer, this allegation does not state when this representation was allegedly made.

33.     Denied. By way of further answer, this allegation does not state when this representation was allegedly made.

34.     Denied. By way of further answer, this allegation does not state when this representation was allegedly made.

35.     Admitted that one transaction closed on January 30, 2012.

36.     Denied.

37.     Denied.

38.     Admitted.

39.     No response is required to paragraph 39 insofar as the Sellers' records speak for themselves.

40.     No response is required to paragraph 40 insofar as the Sellers' records speak for themselves.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

### Tank Wagon Delivery Agreement

45.     Neither admitted nor denied as the documents speak for themselves. By way of further answer, Plaintiffs were not parties to the Petroleum Agreement. Sycamore Energy, LLC was a party to the Tank Wagon Agreement.

46.     Denied.

47.     Denied.

48.     Admitted that Sycamore gave Seller's a promissory note in the amount of $1,000,000. With respect to the remainder of the allegations, the Notes speak for themselves.

49.     Denied. By way of further answer, Defendants are without knowledge or information sufficient to form a belief as to what Sycamore Energy, LLC believed was the "key component" of the transaction and purchase price.

50.     Neither admitted nor denied as the documents speak for themselves.

51.     Neither admitted nor denied as the documents speak for themselves.

52.     Neither admitted nor denied as the documents speak for themselves.

53.     Neither admitted nor denied as the documents speak for themselves.

54.     Neither admitted nor denied as the documents speak for themselves.

55.     Admitted.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

## COUNT I-BREACH OF CONTRACT/PETROLEUM AGREEMENT

61.     Defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth at length herein.

62.     Admitted.

63.     Neither admitted nor denied as the documents speak for themselves.

64.     Neither admitted nor denied as the documents speak for themselves.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied

69.     Denied.

70.     Denied.

WHEREFORE, Defendants respectfully request that Plaintiffs' request for relief be denied and that Plaintiffs' complaint be dismissed.

**COUNT II- BREACH OF CONTRACT/TANK WAGON DELIVERY AGREEMENT**

71.     Defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth at length herein.

72.     Admitted.

73.     Neither admitted nor denied as the documents speak for themselves.

74.     Neither admitted nor denied as the documents speak for themselves.

75.     Neither admitted nor denied as the documents speak for themselves.

76.     Neither admitted nor denied as the documents speak for themselves.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

WHEREFORE, Defendants respectfully request that Plaintiffs' request for relief be denied and that Plaintiffs' complaint be dismissed.

## COUNT III- UNJUST ENRICHMENT

81.    Defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth at length herein.

82.    Denied. Defendants are without knowledge or information sufficient to form a belief as to what Sycamore Energy, LLC means by the terms "approximately."

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

**WHEREFORE**, Defendants respectfully request that Plaintiffs' request for relief be denied and that Plaintiffs' complaint be dismissed.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred because the statute of limitations has expired on all of Plaintiffs' claims.

2.    Plaintiffs' claims are barred by the gist of the action doctrine because the Complaint sounds in tort, namely misrepresentation.

3.    The Complaint does not state a cause of action for breach of contract.

4.    Plaintiffs are not parties to the Petroleum Agreement and/or the Tank Wagon Delivery Agreement and lack standing to sue thereon.

5.    Plaintiffs are not third-party beneficiaries of the Petroleum Agreement and/or the Tank Wagon Delivery Agreement and lack standing to sue thereon.

6.      To the extent that Plaintiffs claim a right to bring an action on the agreements as assignees of Sycamore Petroleum, LLC's and/or Sycamore Energy, LLC's rights under the agreements, said assignments were in violation of Section 8.5 of the Petroleum Agreement and Section 8.5 of the Tank Wagon Delivery Agreement and were therefore null, void, and invalid.

7.      All sales and volume data provided to Sycamore Petroleum, LLC and/or Sycamore Energy, LLC by Defendants was accurate and complete.

8.      To the extent that sales data provided by Defendants was not complete and/or accurate, which is specifically denied, any variance was not material to the transactions.

9.      Plaintiffs' claimed consequential damages are not recoverable as they were not within the contemplation of the parties at the time the agreements were made.

10.      To the extent Plaintiffs conferred a benefit on Defendants, which is denied, Defendants' retention of such benefit is not inequitable.

11.      Plaintiffs' demand for attorney's fees and costs of suit fails to state a claim on which relief can be granted.

12.      In the alternative, Plaintiffs' claim for unjust enrichment is barred because the transactions at issue are subject to express contracts.

13.      There was no breach of Section 5.2(s) of the Petroleum Agreement.

14.      The Complaint fails to state a cause of action upon which relief may be granted.

15.      The Complaint fails to state a cause of action with enough particularity to permit the Defendants to respond.

16.      This action is barred by the doctrines of estoppel, waiver and/or laches

17.      This action is barred by the doctrine of unclean hands.

18.      The Complaint fails to join indispensable parties to the action.

19.     The Complaint is barred by the contributory and/or comparative negligence of Plaintiff or its agents.

20.     There is no privity between Plaintiffs and Defendants.

21.     Plaintiffs assumed the risk of the harm that is the subject of the claim.

22.     Plaintiffs' claims are barred by the statute of frauds and/or the parol evidence rule.

23.     Plaintiffs' claims are barred because they failed to mitigate damages.

24.     Plaintiffs' claims are barred due to evidence spoliation.

25.     Plaintiffs' claims are barred because the claimed damages are speculative.

26.     Defendants were guilty of no negligence, which was the proximate cause of any injuries and damages alleged by Plaintiffs.

27.     Defendants incorporate herein all defenses which may be asserted by any third party defendant hereinafter joined.

## COUNTERCLAIM

## COUNT I-- KC OIL, INC. v. SYCAMORE PETROLEUM-KC OIL, LLC

KC Oil, Inc. ("Counterclaim Plaintiff"), for its counterclaim against Sycamore Petroleum-KC Oil, LLC, alleges as follows:

1.  As part of the consideration paid for the sale of the assets under the Petroleum Agreement, as described in the Complaint, Sycamore Petroleum-KC Oil, LLC executed a Promissory Note on January 30, 2012 in favor of Counterclaim Plaintiff in the original principal amount of $750,000 (the "$750,000 Note"). A true and correct copy of the $750,000 Note executed by Sycamore Petroleum-KC Oil, LLC is attached hereto as Exhibit "A".

2. This $750,000 Note requires Sycamore Petroleum-KC Oil, LLC to make 120 equal monthly payments each the amount of $8326.54, commencing March 1, 2012.

3. Sycamore Petroleum-KC Oil, LLC failed to make the monthly installment payment due under the $750,000 Note on January 1, 2015 or on any month thereafter and they are in default thereunder.

4. The amount owed by Sycamore Petroleum-KC Oil, LLC to Counterclaim Plaintiff as of May 14, 2015, is $771,155.49, which includes the principal balance of $599,510.88, interest through May 14, 2015 of $134,922.92, and late charges of $36,721.69.  Interest accrues on the $750,000 Note from and after May 14, 2015 at the per diem rate of $273.74.

WHEREFORE, Plaintiff demands that judgment be entered in favor of Counterclaim Plaintiff and against Sycamore Petroleum-KC Oil, LLC in the amount of $771,155.49, plus interest from and after May 14, 2015 at the per diem rate of $273.74, as well as additional late charges, and such other relief as the court may deem just and appropriate.

### COUNT II-- KC OIL, INC. v. SYCAMORE ENERGY-KC OIL, LLC

KC Oil, Inc. ("Counterclaim Plaintiff"), for its counterclaim against Sycamore Energy-KC Oil, LLC, alleges as follows:

5. As part of the consideration paid for the sale of the assets under the Tank Wagon Agreement, as described in the Complaint, Sycamore Energy-KC Oil, LLC executed a Promissory Note on January 31, 2012 in favor of Counterclaim Plaintiff in the original principal amount of $1,000,000 (the "$1,000,000 Note"). A true and correct copy of the $1,000,000 Note executed by Sycamore Energy-KC Oil, LLC is attached hereto as

Exhibit "B". This $1,000,000 Note requires Sycamore Energy-KC Oil, LLC to make 120 equal monthly payments each the amount of $11,102.05, commencing March 1, 2012.

6. Sycamore Energy-KC Oil, LLC failed to make the monthly installment payment due under the $1,000,000 Note on January 1, 2015 or on any month thereafter and they are in default thereunder.

7. The amount owed by Sycamore Energy-KC Oil, LLC to Counterclaim Plaintiff as of May 14, 2015, is $992,527.58, which includes the principal balance of $764,952.79, interest through May 14, 2015 of $180,311.57, and late charges of $47,263.22. Interest accrues on the $1,000,000 Note from and after May 14, 2015 at the per diem rate of $364.99.

WHEREFORE, Plaintiff demands that judgment be entered in favor of Counterclaim Plaintiff and against Sycamore Energy-KC Oil, LLC in the amount of $992,527.58, plus interest from and after May 14, 2015 at the per diem rate of $364.99, as well as additional late charges, and such other relief as the court may deem just and appropriate.

## COUNT III-- KC OIL, INC. v. SYCAMORE ENERGY-KC OIL, LLC

KC Oil, Inc. ("Counterclaim Plaintiff"), for its counterclaim against Sycamore Energy-KC Oil, LLC, alleges as follows:

8. As part of the consideration paid for the sale of the assets under the Tank Wagon Agreement, as described in the Complaint, Sycamore Energy-KC Oil, LLC executed a Promissory Note on January 31, 2012 in favor of Counterclaim Plaintiff in the original principal amount of $32,339.64 (the $32,339.64 Note"). A true and correct copy of the $32,339.64 Note executed by Sycamore Energy-KC Oil, LLC is attached hereto as Exhibit "C". This $32,339.64 Note requires Sycamore Energy-KC Oil, LLC to make 120 equal monthly payments each the amount of $602.91, commencing March 1, 2012.

9. Sycamore Energy-KC Oil, LLC failed to make the monthly installment payment due under the $32,339.64 Note on January 1, 2015 or on any month thereafter and they are in default thereunder.

WHEREFORE, Plaintiff demands that judgment be entered in favor of Counterclaim Plaintiff and against Sycamore Energy-KC Oil, LLC in an amount to be determined and such other relief as the court may deem just and appropriate.

## COUNT IV-- KC OIL, INC. v. SYCAMORE ENERGY-KC OIL, LLC

KC Oil, Inc. ("Counterclaim Plaintiff"), for its counterclaim against Sycamore Energy-KC Oil, LLC, alleges as follows:

10. As part of the consideration paid for the sale of the assets under the Tank Wagon Agreement, as described in the Complaint, Sycamore Energy-KC Oil, LLC executed a Promissory Note on January 31, 2012 in favor of Counterclaim Plaintiff in the original principal amount of $24,609.27 (the $24,609.27 Note"). A true and correct copy of the $24,609.27 Note executed by Sycamore Energy-KC Oil, LLC is attached hereto as Exhibit "D".

11. This $24,609.27 Note requires Sycamore Energy-KC Oil, LLC to make 120 equal monthly payments each the amount of $502.23, commencing March 1, 2012.

12. Sycamore Energy-KC Oil, LLC failed to make the monthly installment payment due under the $24,609.27 Note on January 1, 2015 or on any month thereafter and they are in default thereunder.

WHEREFORE, Plaintiff demands that judgment be entered in favor of Counterclaim Plaintiff and against Sycamore Energy-KC Oil, LLC in an amount to be determined and such other relief as the court may deem just and appropriate.

## COUNT V-- KC OIL, INC. v. SYCAMORE ENERGY-KC OIL, LLC

KC Oil, Inc. ("Counterclaim Plaintiff"), for its counterclaim against Sycamore Energy-KC Oil, LLC, alleges as follows:

13. As part of the consideration paid for the sale of the assets under the Tank Wagon Agreement, as described in the Complaint, Sycamore Energy-KC Oil, LLC executed a Promissory Note on January 31, 2012 in favor of Counterclaim Plaintiff in the original principal amount of $6,028.12 (the $6,028.12 Note"). A true and correct copy of the $6,028.12 Note executed by Sycamore Energy-KC Oil, LLC is attached hereto as Exhibit "E".

14. This $6,028.12 Note requires Sycamore Energy-KC Oil, LLC to make 120 equal monthly payments each the amount of $501.51, commencing March 1, 2012.

15. Sycamore Energy-KC Oil, LLC failed to make the monthly installment payment due under the $6,028.12 Note on January 1, 2015 or on any month thereafter and they are in default thereunder.

WHEREFORE, Plaintiff demands that judgment be entered in favor of Counterclaim Plaintiff and against Sycamore Energy-KC Oil, LLC in an amount to be determined and such ther relief as the court may deem just and appropriate.

Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP

Dated: January 11, 2016

By: _____

PETER E. MELTZER, ESQUIRE

13

EXHIBIT "A"

## PROMISSORY NOTE

THIS INSTRUMENT IS SUBJECT TO THE TERMS OF A SUBORDINATION AGREEMENT DATED JANUARY 30, 2012 IN FAVOR OF THE BANCORP BANK, WHICH SUBORDINATION AGREEMENT IS INCORPORATED HEREIN BY REFERENCE.   NOTWITHSTANDING   ANY   CONTRARY   STATEMENT CONTAINED IN THE WITHIN INSTRUMENT, NO PAYMENT ON ACCOUNT OF THE PRINCIPAL OR INTEREST HEREOF SHALL BECOME DUE OR BE PAID AND NO ACTIONS SHALL BE TAKEN HEREUNDER EXCEPT IN ACCORDANCE WITH THE TERMS OF SUCH SUBORDINATION AGREEMENT.


$750,000                                          Philadelphia, Pennsylvania


January 30_____ 2012 ("Effective Date")

FOR VALUE RECEIVED, the undersigned, Sycamore Petroleum- KC Oil, LLC (the "Maker"), pursuant to the terms of an Asset Purchase Agreement ("Purchase Agreement") entered into even date herewith between Maker and KC Oil, Inc. (the "Payee") and others, hereby promises to pay to Payee the principal sum of Seven Hundred Fifty Thousand Dollars ($750,000) together with interest on the unpaid principal balance from the Effective Date until paid at the annual rate of six percent (6%), calculated in accordance with a ten year amortization rate.

1.    Payment Terms.   The principal and interest shall be payable in One Hundred Twenty (120) monthly installments of principal and interest, amortized over a ten year period. Maker agrees to make One Hundred Twenty (120) equal monthly payments, calculated in the amount of Eight Thousand Three Hundred Twenty SixDollars and fifty Four Cents ($8,326.54) each, the payment due and payable by electronic wire transfer beginning on the first day of each calendar month following the date of this Note and on the first day of each calendar month thereafter.

2.    Prepayment.   The Maker may prepay principal at any time in whole or in part without penalty or notice; provided, however, that any such prepayment shall be applied first to pay all accrued interest and thereafter to principal.

3.    Events of Default.   Each of the following shall constitute an "Event of Default" hereunder:

(a)    Failure of the Maker to make any payment of principal or interest when due after the Payee has given the Maker written notice of the delinquency, and said delinquency continues for fifteen (15) days after the giving of such notice;

(b)    Application for or consent to the appointment of a receiver, trustee or liquidator by Maker for its assets;

(c)    Admission in writing by Maker of its inability to pay debts as they mature;

(d)    The making of a general assignment for the benefit of creditors by Maker;

(e)    Adjudication that Maker is bankrupt or insolvent;

(f)    Filing by Maker of (i) a voluntary petition in bankruptcy; or (ii) a petition or an answer seeking reorganization or an arrangement with creditors, or to take advantage of any insolvency, readjustment of loan, dissolution or liquidation law or statute; or (iii) an answer admitting the material allegations of a petition filed against Maker in any proceeding under such law; or

(g)    The entering of an order, judgment or decree, without the application, approval or consent of Maker by any court of competent jurisdiction, appointing a receiver, trustee or liquidator for Maker, if such order, judgment or decree shall continue unstayed and in effect for a period of sixty (60) days.

4.    <u>Consequence of Default</u>.  Upon the occurrence of an Event of Default, the Payee may, at the Payee's sole election and without prior notice to Maker, declare the entire unpaid balance of principal under this Note and interest thereon to be immediately due and payable.

5.    <u>Subordination</u>.  Maker has the right to off-set amounts due under the Note against (i) Payee's environmental indemnification liabilities in accordance with the terms of the Asset Purchase Agreement; and (2) liabilities of Payee arising from Seller's breach of any representation, warranty, covenant or other agreement as to which Maker is entitled to indemnification under the terms of the Asset Purchase Agreement, as amended.

6.    <u>Waiver</u>.  Except for notices expressly required herein, the Maker waives presentment for payment, demand, notice of dishonor, protest and notice of protest of this Note and all other notices in connection with delivery, acceptance, performance, default or enforcement of the payment of this Note.  Liability hereunder shall be unconditional and shall not be affected in any manner by an indulgence, extension of time, renewal, waiver or modification granted or consented to by Payee.

7.    <u>Notices and Payments</u>.

(a)    All notices hereunder must be written.  Notices to the Maker shall be deemed to be given when hand-delivered with a receipt, or mailed certified mail, postage prepaid and return receipt requested, and addressed to Maker at 630 Skippack Pike, Blue Bell, PA 19422, or to such other person or address as the Maker shall from time to time designate by notice to the Payee at the address at which payments hereunder are directed to be made.

(b)      Payments of principal and interest shall be made to the Payee electronically by Payee drafting from Maker's bank account beginning on the first day of each calendar month following the date of this Note and on the first day of each calendar month thereafter until paid in full.

(c)      Any payments or notices required herein which pursuant to the terms of this Note shall be due on a Saturday, Sunday or federal government holiday shall be considered timely if given or made on the next succeeding business day.

8.      Late Fee.  If any payment or installment of interest or principal due hereunder is not paid within ten (10) days after the same becomes due (without reference to any grace or cure periods set forth herein), then Maker shall pay to Payee a late charge in an amount equal to five cents ($0.05) for every dollar of the overdue sum, in order to reimburse Payee for the costs and expenses of handling such delinquent payment. Neither the imposition nor the collection of such late charge shall constitute Payee's waiver of any default or Event of Default of Maker hereunder, and shall be in addition to and not in lieu of any other rights and remedies which may be available to Payee hereunder.  Such late charge, if not paid by Maker, shall, at the option of Payee, be added to and become part of the outstanding principal balance of this Note.

9.      Governing Law.  This Note shall be governed by the laws of the State of New Jersey, without giving effect to the principles of conflict of laws.

10.     Guaranty.      This Note shall be guaranteed by Kenneth C. Morrison pursuant to the terms of the Guaranty attached hereto.

IN WITNESS WHEREOF, and intending to be legally bound, the Maker has duly executed this Note on the day and year first above written.

ATTEST:                                **SYCAMORE PETROLEUM- KC OIL, LLC**

By: _____

_____
Print

Date: ___1-30-13___

EXHIBIT "B"

## PROMISSORY NOTE

$1,000,000                                              Pennington, New Jersey

January 31, 2012 ("Effective Date")

      FOR VALUE RECEIVED, the undersigned, Sycamore Energy-KC Oil, LLC (the "Maker"), pursuant to the terms of an Asset Purchase Agreement, as amended by the First Amendment to Asset Purchase Agreement dated December 22, 2011 and the Second Amendment to Asset Purchase Agreement dated January 31, 2012 (the Asset Purchase Agreement, as amended, hereinafter referred to as the "Purchase Agreement") entered into between Maker and KC Oil, Inc. (the "Payee"), hereby promises to pay to Payee the principal sum of One Million Dollars ($1,000,000) together with interest on the unpaid principal balance from the Effective Date until paid at the annual rate of six percent (6%), calculated in accordance with a ten year amortization rate.

      1.   <u>Payment Terms</u>.  The principal and interest shall be payable in One Hundred Twenty (120) monthly installments of principal and interest, amortized over a ten year period. Maker agrees to make One Hundred Twenty (120) equal monthly payments, calculated in the amount of Eleven Thousand One Hundred Two Dollars and Five Cents ($11,102.05) each, the payment due and payable by electronic wire transfer beginning on the first day of each calendar month following the date of this Note and on the first day of each calendar month thereafter.

      2.   <u>Prepayment</u>.  The Maker may prepay principal at any time in whole or in part without penalty or notice; provided, however, that any such prepayment shall be applied first to pay all accrued interest and thereafter to principal.

      3.   <u>Events of Default</u>.  Each of the following shall constitute an "Event of Default" hereunder:

          (a)   Failure of the Maker to make any payment of principal or interest when due after the Payee has given the Maker written notice of the delinquency, and said delinquency continues for fifteen (15) days after the giving of such notice;

          (b)   Application for or consent to the appointment of a receiver, trustee or liquidator by Maker for its assets;

          (c)   Admission in writing by Maker of its inability to pay debts as they mature;

          (d)   The making of a general assignment for the benefit of creditors by Maker;

          (e)   Adjudication that Maker is bankrupt or insolvent;

(f)     Filing by Maker of (i) a voluntary petition in bankruptcy; or (ii) a petition or an answer seeking reorganization or an arrangement with creditors, or to take advantage of any insolvency, readjustment of loan, dissolution or liquidation law or statute; or (iii) an answer admitting the material allegations of a petition filed against Maker in any proceeding under such law; or

(g)     The entering of an order, judgment or decree, without the application, approval or consent of Maker by any court of competent jurisdiction, appointing a receiver, trustee or liquidator for Maker, if such order, judgment or decree shall continue unstayed and in effect for a period of sixty (60) days.

4.     <u>Consequence of Default</u>.  Upon the occurrence of an Event of Default, the Payee may, at the Payee's sole election and without prior notice to Maker, declare the entire unpaid balance of principal under this Note and interest thereon to be immediately due and payable.

5.     <u>Set-Off</u>. Maker has the right to off-set amounts due under the Note against (a) liabilities of Payee arising from Payee's failure to pay New Jersey taxes, including interest, penalties, and (b) expenses incurred by Maker in defending claims made against Maker by the State of New Jersey arising from Payee's failure to pay such taxes.

6.     <u>Waiver</u>.  Except for notices expressly required herein, the Maker waives presentment for payment, demand, notice of dishonor, protest and notice of protest of this Note and all other notices in connection with delivery, acceptance, performance, default or enforcement of the payment of this Note.  Liability hereunder shall be unconditional and shall not be affected in any manner by an indulgence, extension of time, renewal, waiver or modification granted or consented to by Payee.

7.     <u>Notices and Payments</u>.

(a)     All notices hereunder must be written.  Notices to the Maker shall be deemed to be given when hand-delivered with a receipt, or mailed certified mail, postage prepaid and return receipt requested, and addressed to Maker at 630 Skippack Pike, Blue Bell, PA 19422, or to such other person or address as the Maker shall from time to time designate by notice to the Payee at the address at which payments hereunder are directed to be made.

(b)     Payments of principal and interest shall be made to the Payee electronically by Payee drafting from Maker's bank account beginning on the first day of the first calendar month following the date of this Note and on the first day of each calendar month thereafter until paid in full.

(c)     Any payments or notices required herein which pursuant to the terms of this Note shall be due on a Saturday, Sunday or federal government holiday shall be considered timely if given or made on the next succeeding business day.

8.     <u>Late Fee</u>.  If any payment or installment of interest or principal due hereunder is not paid within ten (10) days after the same becomes due (without reference

to any grace or cure periods set forth herein), then Maker shall pay to Payee a late charge in an amount equal to five percent of the overdue sum, in order to reimburse Payee for the costs and expenses of handling such delinquent payment. Neither the imposition nor the collection of such late charge shall constitute Payee's waiver of any default or Event of Default of Maker hereunder, and shall be in addition to and not in lieu of any other rights and remedies which may be available to Payee hereunder. Such late charge, if not paid by Maker, shall, at the option of Payee, be added to and become part of the outstanding principal balance of this Note.

9.   Governing Law. This Note shall be governed by the laws of the State of New Jersey, without giving effect to the principles of conflict of laws.

10.   Guaranty.   This Note shall be guaranteed by Kenneth C. Morrison pursuant to the terms of the Guaranty attached hereto.

IN WITNESS WHEREOF, and intending to be legally bound, the Maker has duly executed this Note on the day and year first above written.

ATTEST:                                       **SYCAMORE ENERGY- KC OIL, LLC**

By: _____

_____
Print

Date: _____

EXHIBIT "C"

**PROMISSORY NOTE**
**(PNC)**

$32,339.64                                        Philadelphia, Pennsylvania

_January 31,_ 2012 ("Effective Date")

    FOR VALUE RECEIVED, the undersigned, Sycamore Energy-KC Oil, LLC (the "Maker"), pursuant to the terms of an Asset Purchase Agreement ("Purchase Agreement") entered into November 14, 2011 among Maker, KC Oil, Inc. (the "Payee") and others, as amended by the First Amendment to Asset Purchase Agreement dated December 22, 2011, and the Second Amendment to Asset Purchase Agreement dated January 30, 2012, hereby promises to pay to Payee the principal sum of Thirty Two Thousand Three Hundred Thirty Nine Dollars and Sixty Four Cents ($32,339.64) together with interest on the unpaid principal balance from the Effective Date until paid at the annual rate of four and one half percent (4.5%), calculated in accordance with a five year amortization rate.

    1.    _Payment Terms_.  The principal and interest shall be payable in Sixty (60) monthly installments of principal and interest, amortized over a five year period. Maker agrees to make Sixty (60) equal monthly payments, calculated in the amount of Six Hundred Two Dollars and Ninety One Cents ($602.91) each ("Monthly Payment"), the Monthly Payment due and payable by electronic draft by Payee from Maker's bank account beginning on the first day of each calendar month following the date of this Note and on the first day of each calendar month thereafter.

    2.    _Prepayment_.  The Maker may prepay principal at any time in whole or in part without penalty or notice; provided, however, that any such prepayment shall be applied first to pay all accrued interest and thereafter to principal.

    3.    _Events of Default_.  Each of the following shall constitute an "Event of Default" hereunder:

    (a)    Failure of the Maker to make any payment of principal or interest when due after the Payee has given the Maker written notice of the delinquency, and said delinquency continues for fifteen (15) days after the giving of such notice;

    (b)    Application for or consent to the appointment of a receiver, trustee or liquidator by Maker for its assets;

    (c)    Admission in writing by Maker of its inability to pay debts as they mature;

    (d)    The making of a general assignment for the benefit of creditors by Maker;

(e)     Adjudication that Maker is bankrupt or insolvent;

(f)     Filing by Maker of (i) a voluntary petition in bankruptcy; or (ii) a petition or an answer seeking reorganization or an arrangement with creditors, or to take advantage of any insolvency, readjustment of loan, dissolution or liquidation law or statute; or (iii) an answer admitting the material allegations of a petition filed against Maker in any proceeding under such law; or

(g)     The entering of an order, judgment or decree, without the application, approval or consent of Maker by any court of competent jurisdiction, appointing a receiver, trustee or liquidator for Maker, if such order, judgment or decree shall continue unstayed and in effect for a period of sixty (60) days.

4.     <u>Consequence of Default</u>.  Upon the occurrence of an Event of Default, the Payee may, at the Payee's sole election and without prior notice to Maker, declare the entire unpaid balance of principal under this Note and interest thereon to be immediately due and payable.

5.     <u>Waiver</u>.  Except for notices expressly required herein, the Maker waives presentment for payment, demand, notice of dishonor, protest and notice of protest of this Note and all other notices in connection with delivery, acceptance, performance, default or enforcement of the payment of this Note.  Liability hereunder shall be unconditional and shall not be affected in any manner by an indulgence, extension of time, renewal, waiver or modification granted or consented to by Payee.

6.     <u>Notices and Payments</u>.

(a)     All notices hereunder must be written.  Notices to the Maker shall be deemed to be given when hand-delivered with a receipt, or mailed certified mail, postage prepaid and return receipt requested, and addressed to Maker at 630 Skippack Pike, Blue Bell, PA 19422, or to such other person or address as the Maker shall from time to time designate by notice to the Payee at the address at which payments hereunder are directed to be made.

(b)     Payments of principal and interest shall be made to the Payee electronically by allowing Payee to electronically draft the Monthly Payment from Maker's bank account.

(c)     Any payments or notices required herein which pursuant to the terms of this Note shall be due on a Saturday, Sunday or federal government holiday shall be considered timely if given or made on the next succeeding business day.

7.     <u>Late Fee</u>.  If any payment or installment of interest or principal due hereunder is not paid within ten (10) days after the same becomes due (without reference to any grace or cure periods set forth herein), then Maker shall pay to Payee a late charge in an amount equal to five per cent (5%) for every dollar of the overdue sum, in order to reimburse Payee for the costs and expenses of handling such delinquent payment. Neither the imposition nor the collection of such late charge shall constitute Payee's

waiver of any default or Event of Default of Maker hereunder, and shall be in addition to and not in lieu of any other rights and remedies which may be available to Payee hereunder.  Such late charge, if not paid by Maker, shall, at the option of Payee, be added to and become part of the outstanding principal balance of this Note.

8.     <u>Governing Law</u>.  This Note shall be governed by the laws of the State of New Jersey, without giving effect to the principles of conflict of laws.

9.     <u>Guaranty</u>.     This Note shall be guaranteed by Kenneth C. Morrison pursuant to the terms of the Guaranty attached hereto.

IN WITNESS WHEREOF, and intending to be legally bound, the Maker has duly executed this Note on the day and year first above written.

ATTEST:                               **SYCAMORE ENERGY-KC OIL, LLC**

By: _____

_____
Print

Date: _____1/31/12_____

EXHIBIT "D"

**PROMISSORY NOTE**
**(Ally)**

$24,609.27                                          Philadelphia, Pennsylvania

~~January 31,~~ 2012 ("Effective Date")

  FOR VALUE RECEIVED, the undersigned, Sycamore Energy-KC Oil, LLC (the "Maker"), pursuant to the terms of an Asset Purchase Agreement ("Purchase Agreement") entered into November 14, 2011 among Maker, KC Oil, Inc. (the "Payee") and others, as amended by a First Amendment to Asset Purchase Agreement dated December 22, 2011 and a Second Amendment to Asset Purchase Agreement dated January 30, 2012, hereby promises to pay to Payee the principal sum of Twenty Four Thousand Six Hundred Nine Dollars and Twenty Seven Cents ($24,609.27) with no interest on the unpaid principal balance from the Effective Date until paid with a Forty Nine month amortization rate.

  1. <u>Payment Terms</u>. The principal shall be payable in Forty Nine (49) monthly installments of principal only, amortized over a Forty Nine Month period. Maker agrees to make Forty Nine (49) equal monthly payments, calculated in the amount of Five Hundred and Two Dollars and Twenty Three Cents ($502.23 each ("Monthly Payment"), the Monthly Payment due and payable by electronic draft by Payee from Maker's bank account beginning on the first day of each calendar month following the date of this Note and on the first day of each calendar month thereafter.

  2. <u>Prepayment</u>. The Maker may prepay principal at any time in whole or in part without penalty or notice.

  3. <u>Events of Default</u>. Each of the following shall constitute an "Event of Default" hereunder:

    (a) Failure of the Maker to make any payment of principal when due after the Payee has given the Maker written notice of the delinquency, and said delinquency continues for fifteen (15) days after the giving of such notice;

    (b) Application for or consent to the appointment of a receiver, trustee or liquidator by Maker for its assets;

    (c) Admission in writing by Maker of its inability to pay debts as they mature;

    (d) The making of a general assignment for the benefit of creditors by Maker;

    (e) Adjudication that Maker is bankrupt or insolvent;

(f)     Filing by Maker of (i) a voluntary petition in bankruptcy; or (ii) a petition or an answer seeking reorganization or an arrangement with creditors, or to take advantage of any insolvency, readjustment of loan, dissolution or liquidation law or statute; or (iii) an answer admitting the material allegations of a petition filed against Maker in any proceeding under such law; or

(g)     The entering of an order, judgment or decree, without the application, approval or consent of Maker by any court of competent jurisdiction, appointing a receiver, trustee or liquidator for Maker, if such order, judgment or decree shall continue unstayed and in effect for a period of sixty (60) days.

4.     <u>Consequence of Default</u>.  Upon the occurrence of an Event of Default, the Payee may, at the Payee's sole election and without prior notice to Maker, declare the entire unpaid balance of principal under this Note to be immediately due and payable.

5.     <u>Waiver</u>.  Except for notices expressly required herein, the Maker waives presentment for payment, demand, notice of dishonor, protest and notice of protest of this Note and all other notices in connection with delivery, acceptance, performance, default or enforcement of the payment of this Note.  Liability hereunder shall be unconditional and shall not be affected in any manner by an indulgence, extension of time, renewal, waiver or modification granted or consented to by Payee.

6.     <u>Notices and Payments</u>.

(a)     All notices hereunder must be written.  Notices to the Maker shall be deemed to be given when hand-delivered with a receipt, or mailed certified mail, postage prepaid and return receipt requested, and addressed to Maker at 630 Skippack Pike, Blue Bell, PA 19422, or to such other person or address as the Maker shall from time to time designate by notice to the Payee at the address at which payments hereunder are directed to be made.

(b)     Payments of principal shall be made to the Payee electronically by allowing Payee to electronically draft the Monthly Payment from Maker's bank account.

(c)     Any payments or notices required herein which pursuant to the terms of this Note shall be due on a Saturday, Sunday or federal government holiday shall be considered timely if given or made on the next succeeding business day.

7.     <u>Late Fee</u>.  If any payment or installment of principal due hereunder is not paid within ten (10) days after the same becomes due (without reference to any grace or cure periods set forth herein), then Maker shall pay to Payee a late charge in an amount equal to five percent of the overdue sum, in order to reimburse Payee for the costs and expenses of handling such delinquent payment.  Neither the imposition nor the collection of such late charge shall constitute Payee's waiver of any default or Event of Default of Maker hereunder, and shall be in addition to and not in lieu of any other rights and remedies which may be available to Payee hereunder.  Such late charge, if not paid by Maker, shall, at the option of Payee, be added to and become part of the outstanding principal balance of this Note.

8.     _Governing Law_.  This Note shall be governed by the laws of the State of New Jersey, without giving effect to the principles of conflict of laws.

9.     _Guaranty_.     This Note shall be guaranteed by Kenneth C. Morrison pursuant to the terms of the Guaranty attached hereto.

IN WITNESS WHEREOF, and intending to be legally bound, the Maker has duly executed this Note on the day and year first above written.

ATTEST:                                    **SYCAMORE ENERGY-KC OIL, LLC**


By: _Kenneth C. Morrison_

_Kenneth C. Morrison_
Print

Date: _1/3/12_

EXHIBIT "E"

**PROMISSORY NOTE**
**(KIA Motors)**

$6028.12                                          Philadelphia, Pennsylvania


_January 31,_ 2012 ("Effective Date")

FOR VALUE RECEIVED, the undersigned, Sycamore Energy-KC Oil, LLC (the "Maker"), pursuant to the terms of an Asset Purchase Agreement ("Purchase Agreement") entered into November 14, 2011 among Maker, KC Oil, Inc. (the "Payee") and others, as amended by the First Amendment to Asset Purchase Agreement dated December 22, 2011, and the Second Amendment to Asset Purchase Agreement dated January 30, 3012, hereby promises to pay to Payee the principal sum of Six Thousand Twenty Eight Dollars and Twelve Cents ($6028.12) without interest from the Effective Date until paid in accordance with a five year amortization rate.

1.    <u>Payment Terms</u>.    The principal shall be payable in Twenty Four (24) monthly installments of principal amortized over a two year period. Maker agrees to make Twenty Four (24) equal monthly payments, calculated in the amount of Five Hundred One Hundred Dollars and Fifty One Cents ($501.51) each ("Monthly Payment"), the Monthly Payment due and payable by electronic draft by Payee from Maker's bank account beginning on the first day of each calendar month following the date of this Note and on the first day of each calendar month thereafter.

2.    <u>Prepayment</u>.    The Maker may prepay principal at any time in whole or in part without penalty or notice.

3.    <u>Events of Default</u>.    Each of the following shall constitute an "Event of Default" hereunder:

(a)    Failure of the Maker to make any payment of principal when due after the Payee has given the Maker written notice of the delinquency, and said delinquency continues for fifteen (15) days after the giving of such notice;

(b)    Application for or consent to the appointment of a receiver, trustee or liquidator by Maker for its assets;

(c)    Admission in writing by Maker of its inability to pay debts as they mature;

(d)    The making of a general assignment for the benefit of creditors by Maker;

(e)    Adjudication that Maker is bankrupt or insolvent;

(f)     Filing by Maker of (i) a voluntary petition in bankruptcy; or (ii) a petition or an answer seeking reorganization or an arrangement with creditors, or to take advantage of any insolvency, readjustment of loan, dissolution or liquidation law or statute; or (iii) an answer admitting the material allegations of a petition filed against Maker in any proceeding under such law; or

(g)     The entering of an order, judgment or decree, without the application, approval or consent of Maker by any court of competent jurisdiction, appointing a receiver, trustee or liquidator for Maker, if such order, judgment or decree shall continue unstayed and in effect for a period of sixty (60) days.

4.     <u>Consequence of Default</u>.   Upon the occurrence of an Event of Default, the Payee may, at the Payee's sole election and without prior notice to Maker, declare the entire unpaid balance of principal under this Note to be immediately due and payable.

5.     <u>Waiver</u>.   Except for notices expressly required herein, the Maker waives presentment for payment, demand, notice of dishonor, protest and notice of protest of this Note and all other notices in connection with delivery, acceptance, performance, default or enforcement of the payment of this Note.  Liability hereunder shall be unconditional and shall not be affected in any manner by an indulgence, extension of time, renewal, waiver or modification granted or consented to by Payee.

6.     <u>Notices and Payments</u>.

(a)     All notices hereunder must be written.  Notices to the Maker shall be deemed to be given when hand-delivered with a receipt, or mailed certified mail, postage prepaid and return receipt requested, and addressed to Maker at 630 Skippack Pike, Blue Bell, PA 19422, or to such other person or address as the Maker shall from time to time designate by notice to the Payee at the address at which payments hereunder are directed to be made.

(b)     Payments of principal shall be made to the Payee electronically by allowing Payee to electronically draft the Monthly Payment from Maker's bank account.

(c)     Any payments or notices required herein which pursuant to the terms of this Note shall be due on a Saturday, Sunday or federal government holiday shall be considered timely if given or made on the next succeeding business day.

7.     <u>Late Fee</u>.   If any payment or installment of principal due hereunder is not paid within ten (10) days after the same becomes due (without reference to any grace or cure periods set forth herein), then Maker shall pay to Payee a late charge in an amount equal to five per cent (5%) for every dollar of the overdue sum, in order to reimburse Payee for the costs and expenses of handling such delinquent payment.  Neither the imposition nor the collection of such late charge shall constitute Payee's waiver of any default or Event of Default of Maker hereunder, and shall be in addition to and not in lieu of any other rights and remedies which may be available to Payee hereunder.  Such late charge, if not paid by Maker, shall, at the option of Payee, be added to and become part of the outstanding principal balance of this Note.

8.   <u>Governing Law</u>.  This Note shall be governed by the laws of the State of New Jersey, without giving effect to the principles of conflict of laws.

9.   <u>Guaranty</u>.   This Note shall be guaranteed by Kenneth C. Morrison pursuant to the terms of the Guaranty attached hereto.

IN WITNESS WHEREOF, and intending to be legally bound, the Maker has duly executed this Note on the day and year first above written.

ATTEST:                                        **SYCAMORE ENERGY-KC OIL, LLC**


By: _Kenneth C. Morrison_

_KENNETH C. MORRISON_
   Print


Date: _1/31/12_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYCAMORE PETROLEUM-KC OIL, LLC, SYCAMORE ENERGY-KC OIL, LLC and STERLING FUELS & LOGISTICS, LLC, | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | NO. 15-CV-00396 |
| v. | : : | |
| KC OIL, INC., GREENWOOD ENTERPRISES, INC., BUCKS COUNTY PETROLEUM, LLC, TRENTON PETROLEUM, INC., CREIGHTON FAMILY PROPERTIES, L.P., JAN CREIGHTON and KIMBERLY CREIGHTON, | : : : : : : : | |
| Defendants. | : : | |

## CERTIFICATE OF SERVICE

I, Peter E. Meltzer, hereby certify that on the below date, a true and correct copy of

Defendants' Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint and

Counterclaim was served via United States mail, First class, postage prepaid, and/or electronic mail,

on the following:

> John L. Schweder, II, Esquire
> Pepper Hamilton, LLP
> 3000 Two Logan Square
> Eighteenth and Arch Streets
> Philadelphia, PA 19103-2799
> schwedej@pepperlaw.com

Dated: January 13, 2016

By: */s/Peter E. Meltzer*
_____
PETER E. MELTZER, ESQUIRE

1